# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

SANDRA L. URIBE,

    Plaintiff,

CASE NO.:

v.

DOLLAR TREE STORES, INC.,

    Defendant.

_____/

## DEFENDANT, DOLLAR TREE STORES, INC.'S
## NOTICE OF REMOVAL

Defendant, **DOLLAR TREE STORES, INC.** (hereinafter, "Defendant" or "Dollar Tree"), by and through its undersigned counsel and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby removes this action from the Circuit Court for the Thirteenth Judicial Circuit, in and for Hillsborough County, Florida, to the United States District Court for the Middle District of Florida, Tampa Division, on the following grounds:

### BACKGROUND

1.    On or about June 7, 2021, Sandra Uribe ("Plaintiff") filed her initial Complaint, styled *Sandra L. Uribe v. Dollar Tree Stores, Inc.*, Case No.: 21-CA-4660, Div. J, ("Complaint") in the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida ("State Court").

2.    On June 17, 2021, Plaintiff served her Summons and Complaint on

Dollar Tree through its agent for service of process, a copy of which is attached hereto.

3. Dollar Tree's response to the Complaint is not yet due to be filed.

4. There is jurisdiction over this removed action pursuant to 28 U.S.C. § 1441, because this action originally could have been filed in this Court pursuant to 28 U.S.C. § 1332. Specifically, this Court has jurisdiction over this civil action because there is the requisite diversity of citizenship between the Plaintiff and Defendant, and the amount in controversy exceeds $75,000, exclusive of interests and costs.

**AMOUNT IN CONTROVERSY**

5. Pursuant to 28 U.S.C. § 1332(a), the amount in controversy in this action exceeds the sum or value of $75,000, exclusive of interest and costs.

6. Plaintiff's Complaint does not set forth a specific amount of damages. Instead, in her Complaint, Plaintiff alleges, "[t]his is an action for damages in excess of Thirty Thousand ($30,000.00) Dollars, exclusive of attorneys' fees, costs and interest." (Complaint at ¶ 1). And Plaintiff further alleges:

> As a direct and proximate result of Defendant's negligence, Plaintiff suffered the following damages: bodily injury resulting in pain and suffering, disability, disfigurement, mental anguish, loss of the capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, and expense of medical care.
>
> Plaintiff's losses are either permanent and/or continuing in nature and she will suffer the losses in the future.

(Complaint at ¶¶ 8, 9).

7. However, on April 19, 2021, Plaintiff's counsel sent Dollar Tree a pre-suit demand letter that included Plaintiff's current medical records and bills, and a summary of Plaintiff's medical charges. According to Plaintiff's demand letter, Plaintiff's medical charges were **"$50,789.52 and counting"**, an estimate for Plaintiff's future medical care is "[p]ending as we expect Ms. Uribe will require more and more treatment and assistance as she ages as a result of the hip replacement", "Ms. Uribe is currently participating in physical therapy", and "[e]ven more significant is the pain and suffering that Ms. Uribe has endured since this incident occurred, and will continue to endure into the future". A copy of the demand letter is attached hereto as **Exhibit "B"**.

8. "Where, as here, the plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001).

9. A pre-suit demand letter "supported by documented medical bills and specific medical diagnoses [ ]…may be sufficient to plausibly allege that the amount in controversy exceeds $75,000." *Hernandez v. Burlington Coat Factory of Fla., LLC*, No. 2:15-CV-403-FTM-29CM, 2015 WL 5008863, at *2 (M.D. Fla. Aug. 20, 2015) (citing *Scott v. Home Depot U.S.A., Inc.*, No. 11-62426-CIV, 2012 WL 86986, at *3 (S.D. Fla. Jan. 11, 2012)). In *Thompson v. Columbia Sussex*

*Corp.*, 2:16-CV-435-FTM-29CM, 2016 WL 6134868, at *3 (M.D. Fla. Oct. 21, 2016), the Court found:

> Here, Plaintiffs' pre-suit demand not only references medical bills totaling $67,000, it also lists three medically-diagnosed conditions (arm fracture, facial contusions, and shoulder strain), resulting in 13% upper extremity impairment and 8% "whole person" impairment. Accordingly, the Court finds that Plaintiffs' pre-suit demand credibly supports the conclusion that the value of Mrs. Thompson's claim exceeded $75,000 at the time of removal. *Id.*; *see also Moraguez v. Walgreen Co.*, No. 6:15-CV-1579-ORL-28TBS, 2015 WL 7863008, at *2 (M.D. Fla. Dec. 3, 2015).

Here, according to Plaintiff's demand letter and medical records: (1) Plaintiff was diagnosed with a displaced left femoral neck fracture, (2) Plaintiff has undergone a total hip arthroplasty (hip replacement), (3) Plaintiff is still participating in physical therapy, and (4) Plaintiff is still experiencing pain. **See Exhibit "B"**.

10. "[T]he district court must determine whether it had subject matter jurisdiction at the time of removal. That is, events occurring after removal which may reduce the damages recoverable below the amount in controversy requirement do not oust the district court's jurisdiction." *Poore v. Am.-Amicable Life Ins. Co. of Texas*, 218 F.3d 1287, 1290-91 (11th Cir. 2000) (overruled in part on other grounds). "It therefore logically follows that subject matter jurisdiction is not defeated simply because the parties might anticipate a future reduction in recoverable damages." *Henry v. K-Mart Corp.*, No. 8:10-CV-2105-T-33MAP, 2010 WL 5113558, at *4 (M.D. Fla. Dec. 9, 2010) ("Because Henry is, at the time of removal, entitled to seek $78,856.64 in medical expenses (regardless of a future set off), K–Mart has met its burden in establishing the required amount in

controversy for federal subject matter jurisdiction. Therefore, the Court denies the motion to remand.").

11. A defendant's notice of removal may assert the amount in controversy if the complaint seeks (a) non-monetary relief or (b) a money judgment and the State practice permits recovery in excess of the amount demanded. 28 U.S.C. § 1446(c)(2)(A)(ii). As the Supreme Court has held, the notice "need only include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014); *see also Mangano v. Garden Fresh Restaurant Corp.*, Case No. 2:15-cv-477-FtM-99MRM, 2015 WL 5953346, at *1 (M.D. Fla. Oct. 13, 2015) ("A Notice of Removal must plausibly allege the jurisdictional amount, not prove the amount") (citing *Dart*, 135 S. Ct. at 554). Although Plaintiff has not alleged in the Complaint that the amount in controversy exceeds $75,000.00, the Court is entitled to rely on its judicial experience and common sense in determining that a cause of action is likely to exceed $75,000.00 and therefore meets the jurisdictional limits of the Court. Defendant's allegations to establish jurisdiction can be "combined with reasonable deductions, reasonable inferences, or other reasonable extrapolations." *Pretka v. Kolter City Plaza Two, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010). Defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it. *Id.*

12. Taken together, the damages alleged in Plaintiff's Complaint, the claims set forth in Plaintiff's demand letter, and medical records establish, by a preponderance of the evidence, that the amount in controversy in this action exceeds the sum or value of $75,000, exclusive of interest and costs; thus, this Court has subject matter jurisdiction at the time of removal, pursuant to 28 U.S.C § 1332(a).

### DIVERSITY OF CITIZENSHIP

13. Pursuant to 28 U.S.C. § 1332(a)(1), the matter in controversy is between citizens of different States.

14. Plaintiff is a citizen of Florida, and Dollar Tree is a citizen of Virginia.

15. For diversity purposes, citizenship is equivalent to "domicile." *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002). "A person's domicile is the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom." *Id.* at 1257-58. *See also Diller v. Heartland AG Group of Springfield, Inc.*, 5:10-CV-672-OC-34TBS, 2011 WL 13295824, at *3 (M.D. Fla. Sept. 28, 2011). To discern intent, the Court may consider factors including "home ownership, driver's license, voting registration, location of family, location of business and where taxes are paid." *Turner v. Penn. Lumbermen's Mut. Fire Ins. Co.*, No. 3:07-cv-374-J-32TEM, 2007 WL 3104930, at *4 (M.D. Fla. Oct. 22, 2007); *see Juvelis v. Snider*, 68 F.3d 648, 654 (3d Cir. 1995) ("Persuasive evidence of intent can include establishment of a home, place of employment,

location of assets, and registration of car, and, generally, centering one's business, domestic, social, and civic life in a jurisdiction."); *see also McCormick*, 293 F.3d at 1258.

16. Plaintiff's Complaint does not allege her place of citizenship; however, according to her Complaint, "[a]t all times material hereto, the Plaintiff was a resident of Hillsborough County, Florida." (Complaint at ¶ 2).

17. The medical records produced with Plaintiff's demand letter contain her date of birth (07/xx/1944), the last four digits of her social security number (-9544), and consistently reflect a Florida residential address (Lutz, FL). Based on that information, Dollar Tree was able to conduct a Westlaw search, through which Dollar Tree located Plaintiff's driver's license, utility information, vehicle registration, and property tax information. All of the information located through the Westlaw search reflects that Plaintiff has a Florida address, and demonstrates that Plaintiff's true, fixed, and permanent home and principal establishment, to which she has the intention of returning whenever she is absent, is the State of Florida. As such, Plaintiff is a citizen of Florida. The Westlaw search information is attached hereto as **Composite Exhibit "C".**

18. Dollar Tree is a citizen of the Commonwealth of Virginia. Specifically, Dollar Tree is incorporated in Virginia, and its principal place of business is in Chesapeake, Virginia.

19. "[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business". 28 U.S.C.A. § 1332 (c)(1).

20. Complete diversity of citizenship exists because Plaintiff is not a citizen of the same state as Defendant.

### PROCEDURAL COMPLIANCE

21. This Court has original jurisdiction of this civil action because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States. *See* 28 U.S.C. § 1332(a)(1).

22. This Notice of Removal is timely because it was filed within thirty days after being served with a copy of the pleading setting forth the claim for relief upon which this action is based. *See* 28 U.S.C. § 1446(b).

23. Removal to the Tampa Division of this Court is appropriate under Local Rules 1.04(a) because the action was filed in Hillsborough County, Florida.

24. As required by 28 U.S.C. § 1446(a) and Local Rule 1.06(b), true and correct copies of all of the process, pleadings, orders and papers on file with the State Court in this action are attached hereto as **Composite Exhibit "A"**.

25. Pursuant to 28 U.S.C. § 1446(d), notice of this Notice of Removal is being provided to Plaintiff and the State Court Clerk contemporaneously with the filing of this Notice of Removal with this Court.

WHEREFORE, Defendant, **DOLLAR TREE STORES, INC.**, by and through its undersigned counsel, respectfully notices the removal of this action now pending against it in the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida, Case No. 21-CA-004660 to the United States District Court for the Middle District of Florida, Tampa Division.

         Respectfully submitted
         HILL WARD HENDERSON

         /s/ Sherilee J. Samuel
         SHERILEE J. SAMUEL (FBN: 017499)
         sherilee.samuel@hwhlaw.com
         Lead Counsel
         CORY J. PERSON (FBN: 032950)
         cory.person@hwhlaw.com
         NICOLE D. WALSH (FBN: 111961)
         nicole.walsh@hwhlaw.com
         3700 Bank of America Plaza
         101 East Kennedy Boulevard
         Tampa, FL 33602
         Ph. 813.221.3900
         Fax 813.221.2900
         ***Attorneys for Defendant, Dollar Tree***

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished via the *CM/ECF* to **ROBERT D. SPARKS, ESQUIRE and GARRETT S. RILEY, ESQUIRE, Attorneys for Plaintiff,** at: rsparks@rsattorneys.com and griley@rsattorneys.com, Robert Sparks Attorneys, PLLC, Tampa Florida, on **July 2, 2021** .

         /s/ Sherilee J. Samuel
         HILL WARD HENDERSON
         ***Attorneys for Defendant, Dollar Tree***