IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
CIVIL DIVISION

**SANDRA L. URIBE,**                                        **CASE NO.:**

    **Plaintiff,**

vs.

**DOLLAR TREE STORES, INC.,**

    **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

**COMES NOW,** the Plaintiff, SANDRA L. URIBE, (hereinafter referred to as Plaintiff) by and through her undersigned attorneys, and hereby files this, her Complaint against the Defendant, DOLLAR TREE STORES, INC., (hereinafter referred to as Defendant) and states:

1. This is an action for damages in excess of Thirty Thousand ($30,000.00) Dollars, exclusive of attorneys' fees, costs and interest.

2. At all times material hereto, the Plaintiff was a resident of Hillsborough County, Florida.

3. At all times material hereto, Defendant was authorized to and doing business in Hillsborough County, Florida.

4. At all times material hereto, the Defendant is and was engaged in the business of operating a retail store for the benefit of the general public, for which the Plaintiff is a member.

5. At all times material hereto, the Defendant owned and/or operated the

Dollar Tree store located at 13616 University Plaza Street, Tampa, Florida 33613.

6. The incident that is the subject matter of this litigation occurred in Hillsborough County, Florida.

7. Venue is proper because the incident that is the basis of this lawsuit took place in Hillsborough County, Florida.

8. At all times material hereto, the Defendant had possession and/or maintained control of the premises referenced above.

## NEGLIGENCE OF DEFENDANT DOLLAR TREE STORES, INC.

9. Plaintiff hereby incorporates and re-alleges the allegations in paragraphs one through eight, as if fully set forth herein.

10. On or about January 15, 2021, Plaintiff was a business invitee and lawfully on the premises of Defendant for the purpose of shopping at the Dollar Tree store located at 13616 University Plaza Street, Tampa, Hillsborough County, Florida.

11. At all times material hereto, the Dollar Tree store located at 13616 University Plaza St, Tampa, Hillsborough County, Florida was owned and/or operated by the Defendant.

12. The Plaintiff, while lawfully on the premises, tripped on cardboard boxes, which were creating a fall hazard.

13. The hazard created by the cardboard boxes existed for a sufficient length of time that the Defendant, in the exercise of ordinary care, should have discovered it; or the Defendant had actual or constructive knowledge of the condition and either failed to correct the condition or failed to warn the Plaintiff that a dangerous condition existed.

14. Defendant had a duty to Plaintiff, and others similarly situated, to exercise

reasonable care in the maintenance, inspection, repair, warning or mode of operation of the business premises at all times.

15.     Defendant breached its duty owed to Plaintiff, and others similarly situated, by failing to exercise reasonable care in the maintenance, inspection, repair, warning, or mode of operation of the business premises at all times.

16.     Specifically, at all times material hereto, Defendant carelessly and negligently failed to maintain the premises in a safe and reasonable manner and, therefore, breached its duty to the Plaintiff in one or more ways, including but not limited to the following:

a) Failing to keep the floor in a reasonably safe condition;

b) Failing to exercise ordinary care and caution in the operation, maintenance or management of the subject premises;

c) Allowing a dangerous condition to exist and failing to give notice or warning of such condition to all invitees who came onto the premises;

d) Failing to follow generally accepted safety practices to ensure the premises were maintained in a reasonably safe condition;

e) Allowing a dangerous condition to exist over an area, which Defendant knew or should have known that Plaintiff was required to traverse, resulting in a dangerous or unsafe condition with respect to a person on foot;

f) Failing to inspect the premises to ensure that a dangerous condition did not exist;

  g)  Failing to place safety cones or other safety devices to mark off and segregate the area; or

  h)  Failing to properly maintain the area in a safe condition.

17. Defendant, its agents, servants and/or employees knew or should have known, by the exercise of reasonable care, that a hazardous condition existed and constituted a latent and concealed peril that created a dangerous, hazardous or unsafe condition for Plaintiff and others similarly situated.

18. As a direct and proximate result of Defendant's negligence, Plaintiff suffered the following damages: bodily injury resulting in pain and suffering, disability, disfigurement, mental anguish, loss of the capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, and expense of medical care.

19. Plaintiff's losses are either permanent and/or continuing in nature and she will suffer the losses in the future.

**WHEREFORE**, the Plaintiff, SANDRA L. URIBE, demands judgment for compensatory damages, costs, pre-judgment and post-judgment interest against the Defendant, DOLLAR TREE STORES, INC., and for such other and further relief as the Court may deem proper under the circumstances.

## DEMAND FOR JURY TRIAL

The Plaintiff, SANDRA L. URIBE, demands trial by jury on all issues so triable by right by jury.

DATED this 7th day of June, 2021.

_____
ROBERT D. SPARKS, ESQUIRE
Florida Bar No.:     016258
GARRETT S. RILEY, ESQUIRE
Florida Bar No.:     52821
ROBERT SPARKS ATTORNEYS, PLLC
201 East Kennedy Boulevard, Suite 1400
Tampa, Florida   33602
Telephone:   (813) 606-5050
Facsimile:   (813) 606-5709
Email:     rsparks@rsattorneys.com
Email:     griley@rsattorneys.com
Email:     cgoldthwait@rsattorneys.com
Attorneys for the Plaintiff